## KAISER *vs.* HOFFMAN.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF JEFFERSON.

The curatorship must be given to a creditor of the deceased, in preference to a person who is not such, but only alleges he was a *friend.*

A person to whom any house rent is due by the deceased is a creditor and will be preferred for the curatorship, to a stranger.

The party failing in his application for curatorship of an estate, through the opposition of another or otherwise, must pay the expenses of the contestation.

The appellant, Hoffman, applied for the curatorship of the vacant estate of Jacob Schert, deceased, alleging he was a *friend* of the deceased.

Jacob Kaiser made opposition, averring he was a friend and also a creditor of said decedent.

There was a bill of exceptions taken to the answers of Kaiser to interrogatories propounded to him in open court by Hoffman, touching the rent due him. He was asked if the deceased owed him any thing for house-rent during the month of August, 1839; the answer was that the deceased paid him for the month of August and up to the 1st of September, 1839, all he owed him for house-rent. Kaiser's counsel then asked him whether he was a creditor of the succession for house-rent, to which question Hoffman's counsel objected on the ground that Kaiser could not interrogate himself through his own counsel, and that he could explain no farther than what was connected with the rent during the month of August, 1839. The court overruled the objection and added, that Kaiser when stopped in explaining had stated that in fact his house-rent was paid up to the 1st of September, 1839, but there was a balance due him for rent from the date last mentioned to the day of the death of the deceased.

There was judgment sustaining the opposition of Kaiser and appointing him curator. The defendant and applicant appealed.

*Mc Kinney*, for the plaintiff and opponent.

*Greiner*, for the defendant and applicant.

*Martin, J.* delivered the opinion of the court.

The curatorship must be given to a creditor of the deceased, in preference to a person who is not such, but only alleges he was a *friend*.

A person to whom any house rent is due by the deceased is a creditor and will be preferred for the curatorshp, to a stranger.

The party failing in his application for curatorship of an estate, through the opposition of another or otherwise, must pay the expenses of the contestation.

John Hoffman is appellant from a judgment of the Court of Probates sustaining the opposition of Kaiser to his application to be appointed curator to the estate of Jacob Schert, deceased. He claimed the curatorship on the ground that he was a *friend* of the deceased.

The claim of Kaiser was urged on the ground that he was a friend and *creditor* of the deceased.

The Judge of Probates sustained the opposition, being of opinion that the quality of *creditor*, in addition to that of *friend*, turned the scale in favor of the opponent.

The Louisiana Code, article 1114, gives the preference of the curatorship to creditors over those who are not; when no surviving partner, heir or spouse is an applicant.

Kaiser claimed to be a creditor for rent. Hoffman, the adverse party, interrogated him to say whether any rent was due for the month of August, 1839; and he answered in the negative. When his counsel asked him whether there was any thing due him for house-rent, the question was objected to by Hoffman's counsel, but the objection was overruled; the court being of opinion that Kaiser had a right to explain; whereupon he added, that the deceased owed him rent from the 1st September, 1839, to the day of his death, which was on the 7th of the month.

We are of opinion the court did not err. It was otherwise proved that some rent was due.

It is urged that the applicant, Hoffman, was improperly mulcted in the costs of the opposition. The Louisiana Code, article 1118, provides, that "in contestations relating to the curatorship of successions, the parties who have failed in their demands or oppositions, support the expense of them." The applicant failed in his demand, and the opposition of Kaiser was the consequence of it, and the former was correctly charged with the costs of the contestation.

It is therefore ordered, adjudged and decreed, that the judgment of the Court of Probates for the parish of Jefferson be affirmed with costs.